U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

DEC - 2 2016

CLERK, U.S. DISTRICT COURT
By _____
     Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| MARTIN ROBERTO HENRIQUEZ, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 4:15-CV-897-A |
| | § | |
| LORIE DAVIS, Director,[1] | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION
### and
### ORDER

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Martin Roberto Henriquez, a state prisoner incarcerated in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ) against Lorie Davis, Director of TDCJ, respondent. After having considered the pleadings, state court records, and relief sought by petitioner, the court has concluded that the petition should be dismissed as time-barred.

### I. Factual and Procedural History

On February 11, 2010, petitioner was convicted by a jury in

---

[1] Effective May 4, 2016, Lorie Davis replaced William Stephens as director of the Correctional Institutions Division of the Texas Department of Criminal Justice. Pursuant to Federal Rule of Civil Procedure 25(d), Davis is automatically substituted as the party of record.

the 213th District Court of Tarrant County, Texas, Case No. 1188050R, of continuous sexual abuse of a child or children under fourteen years of age, and the trial court sentenced Petitioner to thirty years' confinement. (01State Habeas R. at 32.[2]) Petitioner appealed his conviction, but the Second District Court of Appeals of Texas affirmed the trial court's judgment and, on December 14, 2011, the Texas Court of Criminal refused petitioner's petition for discretionary review. (Mem. Op. at 15; Docket Sheet at 1.) Petitioner did not seek a writ of certiorari. (Pet. at 3.) On January 5, 2012,[3] petitioner filed a state habeas application challenging his conviction, which was dismissed by the Texas Court of Criminal Appeals because of Petitioner's pending direct appeal. (01State Habeas R. at cover & 14.) On March 7, 2013, petitioner filed a second state habeas application challenging his conviction, which was denied by the Texas Court of Criminal Appeals on November 4, 2015, without written order on the findings of the trial court. (02State Habeas R. at 58.) This

---

[2] "01State Habeas R." refers to the record of petitioner's state habeas proceeding in WR-77,209-01 and "02State Habeas R." refers to the record of petitioner's state habeas proceeding in WR-77,209-02.

[3] Petitioner's state habeas applications are deemed filed when placed in the prison mailing system. *Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013). The applications do not provide the dates petitioner placed the documents in the prison mailing system, however the envelopes in which they were mailed reflect postmark dates. For purposes of this opinion, petitioner's state habeas applications are deemed filed on those dates.

2

federal habeas petition was filed on November 24, 2015.[4]

## II. Issues

In nine grounds, petitioner claims he received ineffective assistance of trial and appellate counsel. (Pet. at 6-14.)

## III. Statute of Limitations

Respondent contends petitioner's claims are time-barred. (Resp't's Preliminary Answer at 4-7.) The Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), effective April 24, 1996, imposes a one-year statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. Section 2244(d) provides:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in

---

[4]Similarly, an inmate's federal habeas petition mailed via the prison mailing system is deemed filed when the document is placed in the prison mail system for mailing. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998). Petitioner states in his cover letter that instead of mailing the petition directly to the clerk of court, he mailed it to a third party to forward to the clerk. Under these circumstances, the mailbox rule is inapplicable to his federal petition. *See Sasser v. Thaler*, No. 4:12-CV-084-Y, 2012 WL 5990953, at *1, n.2 (N.D.Tex. June 14, 2012), *adopting report and recommendation*, 2012 WL 5990982 (N.D.Tex. Nov. 30, 2012.

3

violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Petitioner's claims involve matters related to the state trial proceedings and his direct appeal, therefore subsection (A) is applicable.[5] Under that provision, the limitations period began to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Petitioner's judgment of conviction became final by the expiration of the time he had for filing a timely petition for writ of certiorari in the United States Supreme

---

[5] No grounds for application of 28 U.S.C. § 2244(d)(1)(B), (C), or (D) have been shown.

4

Court on March 13, 2012,[6] triggering the limitations period, which expired one year later on March 13, 2013, absent any tolling.

Tolling of the limitations period may be appropriate under the statutory tolling provision in § 2244(d)(2) and/or as a matter of equity. Petitioner's first state habeas application was not properly filed for purposes of tolling under § 2244(d)(2). If a state habeas application is filed prior to mandate issuing on the underlying conviction, the application is not "properly filed," and AEDPA limitations is not tolled. *Larry v. Dretke*, 361 F.3d 890, 894 (5th Cir. 2004). Petitioner's second state habeas petition, pending from March 7, 2013, to November 4, 2015, tolled the limitations period under the statutory provision for 973 days, making petitioner's federal petition due on or before November 11, 2015. Therefore, petitioner's federal petition filed on November 24, 2015, is untimely, unless equitable tolling is justified.

For equitable tolling to apply, a petitioner must show "'(1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstance stood in his way'" and prevented him

---

[6] 2012 was a leap year.

5

from filing a timely petition or he can make a convincing showing that he is actually innocent of the crime for which he was convicted. *McQuiggin v. Perkins*, — U.S. —, 133 S. Ct. 1924, 1928 (2013); *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408 (2005)). Believing that his petition was timely filed, petitioner provides no explanation for his delay or argument for equitable tolling. (Pet. at 9.) Therefore, he is not entitled to additional tolling as a matter of equity.

Petitioner's federal petition was due on or before November 11, 2015; thus, his petition filed on November 24, 2015, is untimely.

For the reasons discussed herein,

It is ORDERED that the petition of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, dismissed as time-barred. It is further ORDERED that a certificate of appealability be, and is hereby, denied.

SIGNED December 2, 2016.

JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE

6